## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ZAC COGLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:24CV352 JAR |
| | ) | |
| Midvale Indemnity Company, | ) | |
| *doing business as*, | ) | |
| Midvale Insurance Program, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants' Motion to Strike Punitive Damages and to Dismiss Count II. ECF No. 8. Plaintiffs have not filed a response to Defendants' Motion. For the reasons set for below, Defendants' unopposed Motion will be granted.

### Background

Plaintiffs Charles Zac Cogley and Andrea Scarpino filed this insurance dispute against Defendants in the City of St. Louis, Missouri, alleging breach of contract (Count I), common law bad faith (Count II), and two counts of vexatious refusal to pay (Counts III and IV). ECF No. 11. Plaintiffs request compensatory and punitive damages, attorneys' fees, and costs.

On March 7, 2024, Defendants filed their Notice of Removal pursuant to this Court's diversity jurisdiction and filed the instant motion. In support of their motion, Defendants argue that Missouri law does not recognize a claim for first party bad faith by an insured against an insurer, and without a bad faith claim, Defendant punitive damages are not an available relief. On March 25, 2024, Plaintiffs, who were proceeding *pro se* at the time, requested additional time to respond to Defendants' Motion. ECF No. 17. The Court granted Plaintiffs' request and granted them until April 8, 2024, to respond to Defendants' Motion, which they did not comply

with. On May 31, 2024, Attorney Thomas Fagan entered his appearance on behalf of Plaintiffs. ECF No. 24. On June 27, 2024, the Court ordered Plaintiffs to respond to Defendants' Motion and allowed them fourteen days to do so. ECF No. 28. The Court warned Plaintiffs that failure to respond would result in the Court ruling on Defendants' unopposed Motion to Dismiss and/or possible dismissal of this action for failure to prosecute. To date, no response has been filed to Defendants' Motion, and the deadline to do so has passed.

### Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. See Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### Discussion

"Federal courts sitting in diversity apply the choice-of-law rules of the forum state." *Cicle v. Chase Bank USA,* 583 F.3d 549, 553 (8th Cir. 2009) (citing *Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007)). Under Missouri law, "an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." *Overcast v. Billings Mut. Ins. Co*., 11 S.W.3d 62, 69 (Mo. banc 2000); *see also, Harris v. Auto-Owners Ins. Co.*, Case No. 21-cv-03159, 2021 WL 2954407, at *2-3 (W.D. Mo. July 14, 2021) (dismissing plaintiff's claims of bad faith and

punitive damages under Missouri law). An insured "cannot also bring a tort claim dependent on the same elements as the contract claim." *Hullverson Law Firm, P.C. v. Liberty Ins. Underwriters, Inc.*, No. 4:12–CV–1994 CAS, 2013 WL 3802517, at *1 (E.D. Mo. July 22, 2013); *see also, Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("An insured cannot recast a contract claim as a conspiracy tort under Missouri law."). "Independent facts must form the basis for the tort claim to survive a motion to dismiss." *Hullverson,* 2013 WL 3802517, at *1. Unless the breach was tortious in nature, punitive damages are not ordinarily allowable in a suit for breach of contract. *Otto v. Imperial Cas. & Indemn. Co.*, 277 F.2d 889, 893 (8th Cir. 1960). Under Missouri's vexatious refusal to pay statute, a plaintiff may recover (in addition to amounts owed under the policy) a monetary penalty and attorneys' fees "if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse[.]" Mo. Rev. Stat. § 375.420.

Here, Plaintiffs' bad faith claim is dependent on Defendants' alleged refusal to pay under the insurance policy. In Count II, Plaintiffs alleges in part that they have suffered damages as a result of Defendants' "bad faith actions and omissions in denying plaintiffs coverage." ECF No. 11 at p. 7. "Thus, but for Defendant[s'] allegedly wrongful denial of Plaintiff[s'] insurance claim, Plaintiff[s] could not maintain [their] tort claim[.] Accordingly, Plaintiff[s'] tort claim[ ] [is] dependent on Defendant[s'] alleged refusal to pay." *Decoursey v. Am. Gen. Life Ins. Co.*, No. 13–01221–CV–W–GAF, 2014 WL 12600954, at *7 (W.D. Mo. Apr. 15, 2014). Plaintiffs also asserts the same allegations in support of their vexatious refusal claims. Under these circumstances, Plaintiffs' remedy for Defendants' "alleged refusal to pay under the Policy is, therefore, limited to [their] breach of contract and vexatious refusal claims." *Id.*; *see also Hullverson Law Firm*, 2013 WL 3802517, at *2.

3

Based on the foregoing discussion, and as currently pled, the Court finds that the relief available to Plaintiffs are limited to those allowable under Missouri's breach of contract and vexatious refusal statutes, which does not allow recovery for punitive damages without being tortious in nature. Consequently, the Court will strike Plaintiffs' request for punitive damages.

**Conclusion**

For the reasons set forth above, Defendants' Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' unopposed Motion to Strike Punitive Damages and to Dismiss Count II [ECF No. 8] is **GRANTED**. Count II is therefore **DISMISSED,** and Plaintiffs' request for punitive damages in their First Amended Petition is stricken from the record.

Dated this 9th day of August, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**